Submitted April 28, affirmed June 15, 2022

In the Matter of the Estate of
Dean Elton Neal, Deceased.

Sharon NEAL,
aka Sharon Elizabeth Neal,
fka Sharon Petrik,
*Petitioner-Appellant,*

*v.*

Natalia NEAL,
*Respondent-Respondent.*

Clackamas County Circuit Court
18PB07455; A176226

512 P3d 473

Susie L. Norby, Judge.

Trevor Robins filed the brief for appellant.

Respondent Natalia Neal waived appearance *pro se.*

Before Powers, Presiding Judge, and Hellman, Judge, and Nakamoto, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this probate proceeding, petitioner appeals from an order denying her motion to reopen the estate of decedent, her husband, and reappoint her as personal representative. The relevant facts are procedural and uncontested. Decedent died testate in 2015, and a probate proceeding was opened in 2018 with petitioner being appointed as personal representative under the terms of decedent's will. In 2019, the trial court removed petitioner as personal representative, and the probate action was dismissed. Petitioner appealed, this court affirmed without opinion, and the Oregon Supreme Court denied review. *Estate of Dean Elton Neal*, 300 Or App 583, 452 P3d 1090, *rev den*, 365 Or 502 (2019). After the appellate judgment issued, petitioner filed a motion to reopen the estate and reappoint her as personal representative. Decedent's former daughter-in-law, Natalia Neal, opposed the motion.[1] The trial court held a hearing and denied petitioner's motion.

On appeal, petitioner advances several arguments as to why the trial court erred in dismissing the original probate case but does not directly address how the trial court's decision exceeded the range of permissible discretion when it denied her motion to reopen the estate and reappoint her as personal representative. In short, because petitioner has not identified any reversible error, we affirm.

Affirmed.

---

[1] Although Natalia Neal was a party during the trial court proceedings, she waived appearance on appeal and did not file an answering brief. She did, however, file a notice of a related case (*i.e.* the prior appeal) and a motion asking us to take judicial notice of that related case. Given our disposition in this case, we deny that motion as moot.